UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                                  Case No:   2:16-cr-00095-FtM-99CM

MIRNA CASTEDO-ORTIZ
_____/

### ORDER[1]

This matter is before the Court on the United States' Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #12) filed on October 5, 2016.  Defendant Mirna Castedo-Ortiz filed a Response in Opposition (Doc. #15) on October 7, 2016.  Thus, this matter is ripe for review.

### BACKGROUND

On August 31, 2016, a federal grand jury returned a six-count Indictment against Defendant for falsely using her minor child's Social Security number in order to work and live in the United States.[2]  (Doc. #1).  The next month, Defendant was brought before United States Magistrate Judge Carol Mirando for an initial appearance.  (Doc. #9). Defendant appeared before Judge Mirando for a detention hearing on October 3, 2016. (Doc. #9).  The Government asked for detention arguing that Defendant was a risk of flight.  Defendant argued that she was not a risk of flight and that reasonable conditions

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Defendant's husband was indicted on the same day for similar violations.  *See United States v. Carlos Chavez Artega*, No. 2:15-cr-93-FtM-UAMRM.

of bond could be set. After the Court heard argument, Judge Mirando conditionally granted Defendant's release on a $50,000.00 unsecured bond and designated the Defendant's neighbor, Ernesto Hernandez, as her third-party custodian. (Doc. #10). The Government appeals that decision. (Doc. #12).

## LEGAL STANDARD

When requested the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. See *United States v. King*, 849 F.2d 485 (11th Cir. 1988). A district court reviews de novo a magistrate judge's pre-trial release order. See *United States v. Megahed*, 519 F. Supp. 2d 1236, 1241-42 (M.D. Fla. 2007). Review by the district court contemplates an "independent consideration of all facts properly before it." *Id.* at 1241 (citing *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)). If the district court concludes after a careful review that the magistrate judge's findings of facts were based on both the parties' papers and the evidence presented at the detention hearing, and the magistrate judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial [release] order." *King*, 849 F.2d 485 at 490.

## DISCUSSION

The Government asserts that the Magistrate Judge's Order releasing Defendant on bond should be overturned because she is a risk of flight. Conversely, Defendant argues that the Magistrate Judge acted in accordance with 18 U.S.C. § 3142 because Defendant is not a flight risk or danger to the community. The Government does not assert that Defendant is a danger to the community.

The policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant." *United States v. Price*, 773 F.2d 1526, 1527 (11th Cir. 1985) (per curiam). When the United States seeks to detain a criminal defendant pending trial based on her status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

This Court now turns to the issue of whether Defendant poses a risk of flight. Pursuant to 18 U.S.C. § 3142(g), there are several factors the Court may consider in deciding whether there are conditions of release that will reasonably assure the appearance of the person as required. The factors are (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by defendant's release. *Id.* § 3142(g). The Court reviews the factors to determine Defendant's risk of flight under the preponderance of the evidence standard and how they impact the Government's Motion for Revocation, seeking to overturn the Magistrate Judge's Order releasing Defendant.

The Government asserts that Defendant's willingness to steal her children's identify and use fake identification illustrates that she desires to remain in the United States and, thus she has an incentive to flee this district in order to avoid criminal prosecution. Defendant submits that she is not charged with a serious felony and that it would be unlikely for an individual to flee this type of charge. The Court agrees with the Government.

Defendant applied for Medicaid benefits using her children's Social Security numbers. (Doc. #12 at 9-10). By knowingly purporting to be another person by using her daughter's Social Security number to open lines of credit, the evidence against the Defendant is great. And Defendant does not attempt to dispute such facts.

Defendant also appears to have no family ties to the Middle District of Florida. "In the federal system, courts look to the ties of the defendant to the judicial district in which the criminal charges have been brought." *United States v. Alverez-Lopez*, No. 2:14-cr-45-FtM-38CM, 2014 WL 2563646, at *3 (M.D. Fla. June 6, 2014) (citation omitted). Defendant is a citizen and national of Bolivia. (Doc. #12 at 4). Defendant came to the United States around March 2000 on a temporary visa, which permitted her to stay for only six months. (Doc. #12 at 8). But Defendant overstayed her visa and, therefore, she is illegally in the United States. (Doc. #12 at 8). Defendant and her husband have three minor children, all of whom are United States citizens. (Doc. #12 at 10-11). Although Defendant and her husband have resided in Florida for approximately eight years, this does not mean that she would not relocate to another state where her children could continue their education. Furthermore, Defendant rents an apartment where she resides with her children. The Court finds that such facts illustrate that Defendant can leave the state with minimal recourse. Consequently, Defendant sufficient ties to this district.

Additionally, Defendant lacks financial ties to this district. The Government argues that, although Defendant has held several jobs in Southwest Florida, she is not eligible for lawful employment. (Doc. #12 at 11). Without legal and verifiable employment history, Defendant is a flight risk.

Finally, the Government argues that Ernesto Hernandez is not an appropriate third-party custodian to Defendant.  (Doc. #12 at 13).  In support, the Government avers that it is impracticable for Mr. Hernandez to fulfill the obligations of Defendant's conditional release because he is employed full-time as a truck driver, which prevents him from supervising her.  (Doc. #12 at 13).  Moreover, the Government submits that, although Mr. Hernandez and Defendant are neighbors and have known each other for approximately ten years, there is nothing to establish that she would not flee the jurisdiction and leave Mr. Hernandez with the obligation to pay the bond.  (Doc. #12 at 13-14).  In response, Defendant argues that Mr. Hernandez is employed as a local truck driver and enjoys a close relationship with Defendant.  (Doc. #15 at 17).  Nonetheless, Mr. Hernandez is not a relative of Defendant, nor does he live with her.  Additionally, Mr. Hernandez testified that he did not have any collateral to forfeit should Defendant flee the jurisdiction.  (Doc. #12 at 4).  Accordingly, the Court finds that Mr. Hernandez is not a suitable third-party custodian of the Defendant.

After considering the weight of the evidence against Defendant, her lack of ties to the Middle District of Florida, and her lack of verifiable employment, the Court finds that the Government established, by the preponderance of the evidence, that no condition or set of conditions will reasonable assure Defendant's presence at trial.  Therefore, the Court finds Defendant is a risk of flight.  As such, the Government's Motion is granted and the Magistrate Judge's Order releasing Defendant on an unsecured bond is revoked.

Accordingly, it is now

**ORDERED**:

1. The United States of America's Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #12) is **GRANTED**.

2. The Order releasing Defendant Mirna Castedo-Ortiz (Doc. #10) is **REVOKED**.

3. Defendant Mirna Castedo-Ortiz is **REMANDED** to the custody of the United States Marshals Service and detained pending further proceedings.

4. Defendant Mirna Castedo-Ortiz is **DIRECTED** to turn herself in to the United States Marshals Office located at the United States Courthouse and Federal Building, 2110 First Street, Fort Myers, Florida 33901, on or before **Wednesday, October 19, 2016, at 12:00 p.m.**

**DONE** and **ORDERED** in Fort Myers, Florida, this 18th day of October 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record